UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 13 CV 3031

------------------------------------------------------------------------x

PAULET MINZIE, ERIC DIXON, and JYEVION DIXON, AN
INFANT BY PARENT AND GUARDIAN ERIC DIXON,

                              Plaintiff,

  - against -

THE CITY OF NEW YORK, P.O. RICHARD HASTE
(NYPD) SHIELD #20875, SERGEANT SCOTT MORRIS
(NYPD) SHIELD #953, AND NYPD OFFICERS JOHN DOE
#1-10

                            Defendants.

------------------------------------------------------------------------x

**NOTICE OF REMOVAL**

Docket
 CV

ECF Case

Bronx County
Index No.: 21249/13E

RECEIVED
MAY 0 6 2013
U.S.D.C. S.D. N.Y.
CASHIERS

       Defendant, THE CITY OF NEW YORK, ("the CITY"), by its attorney, MICHAEL A.

CARDOZO, Corporation Counsel of the City of New York, upon information and belief,

respectively petitions this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446(b)

as follows:

       1.     On or about April 9, 2013, Plaintiffs PAULET MINZIE, ERIC DIXON, and

JYEVION DIXON, AN INFANT BY PARENT AND GUARDIAN ERIC DIXON ("Plaintiffs")

commenced the above-captioned civil action which is currently pending in the Supreme Court of

the State of New York, Bronx County, under Index No. 21249/13E, and of which a trial has not

yet been had therein.

       2.     On April 11, 2013, the CITY received service of a copy of Plaintiffs' Summons

and Complaint, a copy of which is annexed hereto as Exhibit A.

       3.     On or about April 12, 2013, Plaintiffs filed a Request for Judicial Intervention and

a Request for a Preliminary Conference, copies of which are annexed hereto as Exhibit B and

Exhibit C, respectively.

4.      As of the filing date of this Notice of Removal, a Preliminary Conference has not yet been held.

5.      The within action seeks monetary damages for alleged injuries suffered by Plaintiffs as a result of the defendants' policies, procedures, customs and practices which were allegedly in reckless and deliberate indifference to the Plaintiffs' Constitutional rights and laws of the United States. See ¶¶ 85-89 of Exhibit A.

6.      More specifically, the Complaint alleges that on the 2nd day of February, 2012, the defendant police officers, acting in concert and under color of state law, forcibly entered into the Plaintiffs' homes without a search warrant, and undertook a course of conduct which deprived the Plaintiffs of their civil rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983. See ¶¶ 8, 11-40, 46-50, 57-60, 62-66 of Exhibit A.

7.      Accordingly, this is a civil action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441.

8.      Furthermore, since the state law claims arise out of a common nucleus of operative facts, namely, the alleged police misconduct, both state and federal claims form part of the same case or controversy under Article III of the United States Constitution, and this Court's exercise of supplemental jurisdiction is thereby appropriate under 28 U.S.C. § 1367(a).

9.      This Notice of Removal is filed within thirty (30) days of receipt by the CITY of the Plaintiff's Complaint pursuant to 28 U.S.C. § 1446(b).

10.      Attached to this Notice, and by reference made a part hereof, are true and correct copies of all known pleadings filed herein.

11.     By filing this Notice of Removal, the CITY does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest in personam jurisdiction, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

12.     On April 30, 2013, co-defendants P.O. RICHARD HASTE (NYPD) SHIELD #20875 and SERGEANT SCOTT MORRIS (NYPD) SHIELD #953 both provided written consents to the removal of this action to the United States District Court for the Southern District of New York, thus satisfying the requirement of unanimity under 28 U.S.C. §1446.  Copies of the co-defendants consents to this removal are annexed hereto as Exhibit D and Exhibit E, respectively.

**WHEREFORE**, the CITY respectfully requests that the instant action now pending before Supreme Court of the State of New York, Bronx County, be removed to the United States District Court of the Southern District of New York, and for such other and further relief as this Court deems proper and just.


Dated: New York, New York
       May 6, 2013

                            MICHAEL A. CARDOZO,
                            Corporation Counsel of the City of New York
                            Attorney for City of New York
                            100 Church Street
                            New York, NY 10007
                            (212) 356-3140
                            ewest@law.nyc.gov

             By:

                            _____
                            ERIC H. WEST  (EW3000)
                            Special Assistant Corporation Counsel

TO:    LAW OFFICES OF JEFFREY CHABROWE, P.C.
Attorney for the Plaintiff
261 Madison Avenue, 12th Floor
New York, New York 10016
phone: (917) 529-3921
E-mail:  jchabrowe@gmail.com



SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF  [Type in County}

--------------------------------------------

PAULET MINZIE, ERIC DIXON, and JYEVION DIXON, AN
INFANT BY PARENT AND GUARDIAN ERIC DIXON,

Plaintiff(s),

-against-

THE CITY OF NEW YORK, P.O. RICHARD HASTE
(NYPD) SHIELD #20875, SERGEANT SCOTT MORRIS
(NYPD) SHIELD #953, AND NYPD OFFICERS JOHN DOE
#1-10

Defendant(s).

--------------------------------------------

Index No. 21249/2013E

**Summons**

2012-017988

Date Index No. Purchased:    April 8, 2013

**To the above named Defendant(s)**

City of New York              P.O. Richard Haste, Shield #20875     Sergeant Scott Morris, Shield #953
100 Church Street             C/O One Police Plaza, 14th FL         C/O One Police Plaza, 14th FL
New York, NY 10007            New York, NY 10038                    New York, NY 10038

   You are hereby summoned to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance, on the Plaintiff's attorney within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.

   The basis of venue is    CPLR 504(3)

which is    applicable as City is Defndant and injuries complained of occured in County of Bronx.

Dated:    New York, New York

  April 8, 2013

        Law Office of Jeffrey Chabrowe, PC

        by

        Andrew L. Hoffman, Of Counsel

Attorneys for Plaintiff

    261 Madison Avenue, 12th FL
    New York, NY 10016
    (212) 736-3935

NEW YORK STATE SUPREME COURT
COUNTY OF BRONX

--------------------------------------------------------------------X

PAULET MINZIE, ERIC DIXON, and JYEVION DIXON,
AN INFANT BY HIS NATURAL PARENT AND
GUARDIAN, ERIC DIXON,

Index No.: 212 49/2013 E

Plaintiffs,

**COMPLAINT**

-against-

**JURY TRIAL**
**DEMANDED**

THE CITY OF NEW YORK, POLICE OFFICER
RICHARD HASTE (NYPD) SHIELD 20875, SERGEANT
SCOTT MORRIS (NYPD) SHIELD #953, AND NYPD
POLICE OFFICERS JOHN DOE #1-10 (THE NAME JOHN
DOE BEING FICTITIOUS, AS THE TRUE NAME(S) IS/
ARE PRESENTLY UNKNOWN),

Defendants.

--------------------------------------------------------------------X

The Plaintiffs, complaining by their attorney(s) at the LAW OFFICE OF JEFFREY

CHABROWE, P.C., respectfully show to this Court and allege:

**THE PARTIES**

1.      At all times relevant herein, Plaintiffs PAULET MINZIE, ERIC DIXON, and JYEVION

DIXON occupied apartments at the three-family residence located at 749 E. 229th Street, Bronx

County, New York, along with their neighbor, the late RAMARLEY GRAHAM.

2.      Paulet Minzie, the owner and landlady, occupied the third floor apartment, while

Plaintiffs Eric and Jyevion Dixon lived in the first floor apartment; Ramarley Graham resided in

the second floor apartment.

3.      Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF

NEW YORK was and still is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York, and that at all times relevant all Defendant officers

1

were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

4.      Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, its agents, servants, and employees, operated, maintained and controlled the New York City Police Department, including all the police officers thereof.

5.      Upon information and belief, at all times hereinafter mentioned, Defendant Police Officer RICHARD HASTE, Sergeant SCOTT MORRIS and POLICE OFFICER(S) DOE #1-10 were employed by the Defendant CITY OF NEW YORK, as members of its police department.

6.      Upon information and belief, at all times hereinafter mentioned, all Defendant Police Officers, be they known or unknown, worked out of the Street Narcotics Enforcement Unit of the 47th precinct Bronx County, in the City of New York.

7.      The New York City Police Department is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the police chief of the New York City Police Department is responsible for the policies, practices, and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees, and is the final decision maker for that agency.

8.      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, the rights guaranteed by the Constitution, and the laws of the State of New York.

9.     Upon information and belief, all of the complained of actions listed herein occurred at 740 East 229th Street, in Bronx County; as such, pursuant to CPLR §504(3), Bronx County is an appropriate venue for this action.

10.    Individual Defendants in this action are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

11.    On February 2, 2012 at about 3:00PM, Plaintiffs ERIC DIXON and JYEVION DIXON, were relaxing in their first floor apartment, located at 749 E. 229th Street, Bronx, NY 10466; Plaintiff PAULET MINZIE, home-owner and landlord, was taking a shower in her 3rd floor apartment.

12.    At about the same time, 18 year old Ramarley Graham ("Ramarley") entered the premises and ascended the stairs toward his second floor apartment, the front door locking behind him.

13.    Approximately 15 seconds later, existing surveillance video shows that numerous police officers, with guns drawn, ran up to the front door of the premises, and forcibly attempted to gain entrance.  Among said officers were, upon information and belief, Defendant Police Officer RICHARD HASTE, Defendant Sergeant SCOTT MORRIS.

14.    The officers were not in possession of a search or an arrest warrant.

15.    Ramarley Graham had not committed any crime.

16.    Nevertheless, the officers, unable to gain access through the front door, surrounded the house, and several officers went to a back entrance to seek entry.

3

17.     In response, 8 year old Jyevion Dixon ("Jyevion"), opened the back door of his first floor apartment.

18.     One of the Defendant officers then pointed a gun directly in Jyevion's face, and ordered the child out of his home.

19.     Upon hearing this commotion, Jyevion's father, Plaintiff Eric Dixon, came to the door, and the same officer raised his gun directly at him, demanding entry.

20.     Police then pushed past Mr. Dixon, and without permission or authority, entered the premises through his apartment.

21.     Once inside the home, one of the officers ran to the front door and let several other officers in, while others poured through the back and raced up the stairs toward the second-floor.

22.     Defendants Haste and other NYPD Officers then broke through the front door of Ramarley Graham's second floor apartment and entered with guns raised, ready to fire.

23.     Ramarley went into the bathroom.

24.     Defendant Haste followed, and immediately fired a shot, striking the young man in the chest, and dropping him to the ground.

25.     Ramarley was unarmed.

26.     Ramarley died as a result of his injuries.

27.     Upon hearing the frightening commotion downstairs, Plaintiff Paulet Minzie got out of the shower, threw on a work shirt, wrapped a towel around her waist, and came down from her third floor apartment to investigate.

28.     When she arrived outside Ramarley's apartment, Defendant officers screamed at Ms. Minzie, causing her great alarm.

29.     When Ms. Minzie asked the officers to tell her what was happening, they responded by by raising their guns at her and rushing toward her.

30.     Ms. Minzie immediately retreated up the stairs toward her apartment, trailed by the Defendant officers.

31.     As Ms. Minzie reached the threshold of her apartment and officers closed in, she voluntarily put her hands up, terrified that she was about to be shot.

32.     One of the Defendant officers responded by putting a gun to her head.

33.     The commotion caused Ms. Minzie's towel to fall to the ground, leaving the lower half of her body completely exposed; trembling and terrified, she lost control of her bladder.

34.     As Ms. Minzie continued to stand there, humiliated and terrified, another officer entered and searched her apartment without permission or authority.

35.     The illegal search went on for two to three minutes before Ms. Minzie had the presence of mind to announce that she was the landlord and surveillance cameras were capturing the entire event.

36.     Upon hearing this, the officer who was holding the gun to Ms. Minzie's head immediately lowered his weapon, his demeanor completely changed, and he alerted his colleague that they may be on camera.  The officer then demanded to know where the surveillance cameras were, and other officers furiously set about the task of locating them.

37.     The warrantless invasion which resulted in the senseless killing of Ramarley Graham continued for approximately 24 hours before a warrant was produced.

38.     Plaintiff Eric Dixon has since been arrested on questionable charges, and subject to excessive force; the Bronx County Rackets Bureau is currently investigating.

39.     Defendant Richard Haste, who upon information and belief, had no training in street narcotics enforcement or plainclothes work on the date of the incident, has since been indicted and is awaiting trial on charges of felony manslaughter.

40.     The trauma of the warrantless invasion and the senseless killing of Ramarley Graham continue to haunt the Plaintiffs to this day.

## STATE CLAIMS

41.     Notice of the Plaintiff's claim, the nature of the claim and the date of, the time when, the place where and the manner in which the claim arose was timely served upon the Comptroller of the City of New York.

42.     Plaintiffs were produced for a hearing pursuant to Section 50h of the General Municipal Law on June 28, 2012.

43.     More than 30 days have elapsed since the Notice of Claim was served upon the Defendant City of New York and said Defendant has neglected to initiate any settlements thereof.

44.     This action is being commenced within One Year and Ninety-Days of the date the cause of action arose.

## AS AND FOR THE FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFFS
## AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Warrantless Entry and Search of Home-

45.     Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 44.

46.     The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by government officials.  Specifically, the Fourth Amendment precludes police officers from entering and otherwise searching someone's home in the absence of appropriate process—e.g., a warrant—or special circumstances.

47.     Defendant officers' entry into the homes of the Plaintiffs, and especially the search of the apartment occupied by Paulet Minzie, in the absence of a warrant or other exigent circumstances, was clearly improper and represents a violation of the Plaintiffs' rights under the Fourth Amendment of the United States Constitution.

48.     This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

49.     Defendants' actions were motivated by bad faith and malice.

50.     As a direct and proximate result of the unconstitutional acts described above, the Plaintiffs have been substantially injured.


### AS AND FOR THE SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFFS
### AGAINST ALL DEFENDANTS

#### -Trespass-

51.     Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 50.

52.     Defendant Officers Haste, Sgt. Morris, and Doe #1 – 10, without the consent or authority and against the will of the Plaintiffs, intentionally entered the Plaintiffs' property by forcing their way into the home at gun point.

7

53.    The forceful entry occurred after Defendants attempted to kick the front door of the premises down without success.

54.    As a direct and proximate result of the Defendant's conduct as described above, the Plaintiffs have been substantially injured.

55.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

<u>**AS AND FOR THE THIRD CAUSE OF ACTION**</u>
<u>**ON BEHALF OF THE PLAINTIFFS**</u>
<u>**AGAINST ALL DEFENDANTS**</u>

**Violation of Constitutional Rights Under Color of State Law**
**-Conspiracy to Violate Plaintiffs' Civil Rights-**

56.    Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 55.

57.    Defendant Officers Haste, Sergeant Morris, and Doe #1 – 10, acting under color of state law in both their individual capacities and as agents for the City of New York, conspired together, reached a mutual understanding, and acted in concert to undertake a course of conduct violative of Plaintiff's civil rights by agreeing to intentionally conduct a warrantless entry and search of the Plaintiffs' home.

58.    This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

59.    Defendants' actions were motivated by bad faith, malice, and/or willful indifference.

60.    As a direct and proximate result of the unconstitutional acts described above, the Plaintiffs have been substantially injured.

## AS AND FOR THE FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFFS
## AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law
### -Failure to Intercede-

61.     Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 60.

62.     The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by government officials, and prohibits law enforcement officers from entering private residences without the appropriate authorization.

63.     The actions of Defendant officers detailed above violated the Plaintiffs' rights under the United States Constitution.  It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

64.     Defendants' actions were motivated by bad faith and malice, and/or deliberate indifference to the rights of the Plaintiffs.

65.     This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

66.     As a direct and proximate result of the unconstitutional acts described above, the Plaintiffs have been substantially injured.

## AS AND FOR THE FIFTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFFS
## AGAINST ALL DEFENDANTS

### -Assault-

67.    Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 66.

68.    On February 2, 2012, Defendant Officer Haste and as yet, unidentified officer(s) pointed loaded gun(s) at Plaintiffs Jyevion Dixon, Eric Dixon, and Paulet Minzie.

69.    Defendants intended to cause and did cause plaintiffs to suffer apprehension of an imminent harmful contact.

70.    As a direct and proximate result of said acts, Plaintiffs have been substantially injured.

71.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## AS AND FOR THE SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## AGAINST ALL DEFENDANTS

### -Intentional Infliction of Emotional Distress-

72.    Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 71.

73.    At all times mentioned herein, Defendants' conduct was intentional, extreme and outrageous.

74.    As a direct and proximate result of the unconstitutional acts described, the Plaintiffs have suffered severe emotional distress.

10

75.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### AGAINST ALL DEFENDANTS

**-Negligent Infliction of Emotional Distress-**

76.     Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 75.

77.     As a direct and proximate result of the Defendants' outrageous departure from accepted standards of care Plaintiffs were caused to suffer severe emotional distress.

78.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

### AS AND FOR THE EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### AGAINST THE DEFENDANT CITY OF NEW YORK

**-Negligent Hiring, Retention, and Supervision-**

79.     Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 78.

80.     At all times relevant, Defendant City of New York was negligent, careless, and reckless in hiring, retaining, supervising, and promoting as and for its employees, "the officers" herein, in that said officers, as employees of the City of New York, were not qualified to be hired or retained or promoted as police officers, lacked the experience, deportment, skill, training, and

ability to be employed by the Defendant City of New York; to be retained by the Defendant City of New York; and to be utilized in the manner that each was employed on the day in question.

81.     At all times relevant, Defendant City of New York failed to exercise due care and caution in its hiring, retaining, and/or promoting practices; in that the Defendant City of New York failed to adequately investigate said police officers' backgrounds; adequately screen and test the Defendant police officers; failed to adequately monitor the Defendant police officers; failed to properly discipline officers who violate Patrol Guidelines; failed to properly train and retrain the Defendant police officers; and the Defendant City of New York, its' agents, servants, and/or employees, were otherwise careless, negligent, and reckless.

82.     The aforesaid occurrence, to wit: forcible entry into the Plaintiffs' home(s) without a warrant, probable cause, or exigent circumstances; displaying and pointing loaded weapons; firing a loaded weapon; threatening Plaintiffs with the discharge of the firearm(s); engaging in conspiracy to carry out their actions and the resulting injuries to the Plaintiffs, were caused wholly and solely by reason of the negligence or deliberate indifference of the Defendant City of New York, its agents, servants, and/or employees without any negligence on the part of the Plaintiffs contributing thereto.

83.     That by reason of the aforesaid, Plaintiffs have been substantially damaged, and said damages exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR THE NINTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## AGAINST THE DEFENDANT CITY OF NEW YORK

**- Implementation of Municipal Policies, Practices, and Customs that Directly Violate Constitutional Rights, Failure to Implement Municipal Policies to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees Under Color of State Law-**

84.    Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 83.

85.    Upon information and belief, Defendant Supervising Officer Sergeant Scott Morris was directly responsible for supervising Defendant Officers Richard Haste and John Doe #1 – 10.

86.    Upon information and belief, Defendant City of New York and Sergeant Morris who were supervisors and final decision makers, as a matter of policy, practice, and custom, have acted with a callous, reckless and deliberate indifference to the Plaintiffs' constitutional rights and laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers concerning the rights of citizens, including not making warrantless entries and searches of people's home absent exigent circumstances, and pointing loaded firearms at innocent bystanders.

87.    The policies, procedures, customs and practices of the above-named Defendants violated the Constitutional rights of the Plaintiffs under the Fourth Amendment of the United States Constitution.

88.    This conduct on the part of Defendants City of New York and Sergeant Morris also represents a violation of 42 U.S.C § 1983, given that said actions were undertaken under color of state law.

89.    As a direct and proximate result of the unconstitutional acts described above, the Plaintiffs have been substantially injured.

13

## DEMAND FOR TRIAL BY JURY

90.    The Plaintiffs hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs PAULET MINZIE, ERIC DIXON, and JYEVION DIXON request

that this Honorable Court grant her the following relief:

A.    A judgment in favor of Plaintiffs against Defendant for compensatory damages in an amount

to be determined by a properly charged jury;

B.    A monetary award for attorneys fees and costs of this action, pursuant to 42 U.S.C. § 1988;

C.    Any other relief this Court finds to be just, proper, and equitable.

Dated:  New York, New York                Respectfully Submitted By:
        April 8, 2013

Jeff Chabrowe, Esq.
Law Office of Jeffrey Chabrowe, P.C.
261 Madison Avenue, 12 Floor
New York, New York 10016
T: (917) 529-3921
E: jchabrowe@gmail.com



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840   (7/2012)

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |

Supreme _____ COURT, COUNTY OF Bronx

Index No: 21249/2013E   Date Index Issued: 04/9/2013

| Judge Assigned |
|---|

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

Paulet Minzie, Eric Dixon, and Jyevion Dixon, An Infant by Parent and Guardian Eric Dixon,

| RJI Date |
|---|
| 2012-01988 SLH M Ander SLH T. Tackman |

Plaintiff(s)/Petitioner(s)

-against-

The City of New York, P.O. Richard Haste (NYPD) Shield #20875, Sergeant Scott Morris (NYPD) Shield #953, and NYPD Officers John Doe #1-10 (the Name John Doe Being Fictitious, as the True Name(s) is/are Preseently Unknown),

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING:   Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ☐ Contested
  **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**. For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- ☐ Asbestos
- ☐ Breast Implant
- ☐ Environmental: _____
  (specify)
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability: _____
  (specify)
- ☐ Other Negligence: _____
  (specify)
- ☐ Other Professional Malpractice: _____
  (specify)
- ◉ Other Tort: Wrongful Entry and Related Claims
  (specify)

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution   [see **NOTE** under Commercial]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other: _____
  (specify)

**COMMERCIAL**
- ☐ Business Entity (including corporations, partnerships, LLCs, etc.)
- ☐ Contract
- ☐ Insurance (where insurer is a party, except arbitration)
- ☐ UCC (including sales, negotiable instruments)
- ☐ Other Commercial: _____
  (specify)

  **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum**.

**REAL PROPERTY:**   How many properties does the application include? _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify):   ◉ Residential   ☐ Commercial
Property Address: _____   Alabama
                  Street Address        City        State        Zip
  **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum**.
- ☐ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property: _____
  (specify)

**SPECIAL PROCEEDINGS**
- ☐ CPLR Article 75 (Arbitration)   [see **NOTE** under Commercial]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene: _____
  (specify)
- ☐ Other Special Proceeding: _____
  (specify)

## STATUS OF ACTION OR PROCEEDING:   Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ◉ | ○ | If yes, date filed: April 9, 2013 |
| Has a summons and complaint or summons w/notice been served? | ◉ | ○ | If yes, date served: April 11, 2013 |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION: Check ONE box only AND enter additional information where indicated

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion    Relief Sought: Alternate Service    Return Date: _____
- ○ Notice of Petition    Relief Sought: Alternate Service    Return Date: _____
- ○ Order to Show Cause    Relief Sought: Alternate Service    Return Date: _____
- ○ Other Ex Parte Application    Relief Sought: Alternate Service
- ○ Poor Person Application
- ● Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other  (specify): _____

### RELATED CASES:
List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the RJI Addendum. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| Estate of Ramarley Graham, et al., v. City of New York, et al. | 300731/2013 | Bronx Supreme Court | | Injuries derived from same incident/actors |
| | | | | |
| | | | | |

### PARTIES:
For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the RJI Addendum.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff) | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N) | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Minzie / Last Name<br>Paulet / First Name<br>Plaintiff / Primary Role:<br>Plaintiff / Secondary Role (if any): | Hoffman / Last Name    Andrew L. / First Name<br>Law Office of Jeffrey Chabrowe, PC / Firm Name<br>261 Madison Ave., 12th FL / Street Address    New York / City    New York / State    10016 / Zip<br>2127363935 / Phone    4892475806 / Fax    ahoffman@andrewhoffmanlaw.com / e-mail | ○ YES<br>● NO | |
| ☐ | Dixon / Last Name<br>Eric / First Name<br>Plaintiff / Primary Role:<br>Plaintiff / Secondary Role (if any): | Hoffman / Last Name    Andrew L. / First Name<br>Law Office of Jeffrey Chabrowe, PC / Firm Name<br>261 Madison Ave., 12th FL / Street Address    New York / City    New York / State    10016 / Zip<br>2127363935 / Phone    4802475806 / Fax    ahoffman@andrewhoffmanlaw.com / e-mail | ○ YES<br>● NO | |
| ☐ | Dixon / Last Name<br>Jyevion / First Name<br>Plaintiff / Primary Role:<br>Plaintiff / Secondary Role (if any): | Hoffman / Last Name    Andrew L. / First Name<br>Law Office of Jeffrey Chabrowe, PC / Firm Name<br>261 Madison Ave., 12th FL / Street Address    New York / City    New York / State    10016 / Zip<br>2127363935 / Phone    4802475806 / Fax    ahoffman@andrewhoffmanlaw.com / e-mail | ○ YES<br>● NO | |
| ☐ | City of New York / Last Name<br>/ First Name<br>Defendant / Primary Role:<br>Plaintiff / Secondary Role (if any): | Cardozo / Last Name    Michael / First Name<br>New York City Law Department / Firm Name<br>100 Church Street / Street Address    New York / City    New York / State    10007 / Zip<br>2123561000 / Phone    2123561148 / Fax    / e-mail | ○ YES<br>● NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 4-12-2013

4624508
ATTORNEY REGISTRATION NUMBER

_(signature)_
SIGNATURE

Andrew L. Hoffman
PRINT OR TYPE NAME

Print Form

## RJI ADDENDUM

5.    Defendant Richard Haste
      Representation: Michael Cardozo
                      C/O NYC Law Department
                      100 Church Street
                      New York, NY 10007
                      P:  (212) 356-1000
                      F:  (212) 356-1148

      Issue not yet joined.

6.    Defendant Scott Morris
      Representation: Michael Cardozo
                      C/O NYC Law Department
                      100 Church Street
                      New York, NY 10007
                      P:  (212) 356-1000
                      F:  (212) 356-1148
      Issue not yet joined.

7.    Defendant John Doe #1-10
      Representation: Michael Cardozo
                      C/O NYC Law Department
                      100 Church Street
                      New York, NY 10007
                      P:  (212) 356-1000
                      F:  (212) 356-1148
      Issue not yet joined.



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
PAULET MINZIE, ERIC DIXON, and JYEVION       **REQUEST FOR**
DIXON, AND INFANT BY PARENT AND       **PRELIMINARY**
GUARDIAN ERIC DIXON,       **CONFERENCE**

           Plaintiffs,       Index No.: 21249/2013E

      -against-

THE CITY OF NEW YORK, P.O.RICHARD HASTE
(NYPD) SHIELD #20875, SERGEANT SCOTT
MORRIS (NYPD) SHIELD #953, and NYPD
OFFICER(S) JOHN DOE #1-10 (THE NAME JOHN DOE
BEING FICTITIOUS, AS THE TRUE NAME(S) IS/ARE
PRESENTLY UNKNOWN),

           Defendants.
-------------------------------------------------------------------X

      Plaintiff, by her attorney(s) , the Law Office of Jeffrey Chabrowe, P.C., HEREBY

REQUESTS that a PRELIMINARY CONFERENCE be convened, pursuant to the dictates of the

Uniform Rules for New York State Trial Courts, Section 202.12

## ATTORNEYS APPEARING IN THE ACTION*

ANDREW L. HOFFMAN, ESQ.,
OF COUNSEL, THE LAW OFFICE OF JEFFREY CHABROWE
ATTORNEY(S) FOR THE PLAINTIFF
C/O THE LAW OFFICE OF JEFFREY CHABROWE
261 MADISON AVENUE, 12th FL
NEW YORK, NY 10016
(212) 736-3935

C.C.MICHAEL CARDOZO
Attorney(s) for Defendants
100 CHURCH STREET
NEW YORK, NY 10007

## NATURE OF THE ACTION

      The above stated action arises in tort, and more specifically, injuries related to wrongful and

forcible entry.

Dated:          New York, New York
                April 12, 2013

                                        Yours, etc.

                                        ANDREW L. HOFFMAN, ESQ.
                                        OF COUNSEL, LAW OFFICE OF
                                        JEFFREY CHABROWE
                                        Attorney(s) for the Plaintiff
                                        261 MADISON AVENUE, 12th FL
                                        NEW YORK, NY 10016
                                        (212) 736-3935

TO:

C.C.MICHAEL CARDOZO
Attorney(s) for Defendants
100 CHURCH STREET
NEW YORK, NY 10007



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------x
PAULET MINZIE, ERIC DIXON, and JYEVION DIXON, AN
INFANT BY PARENT AND GUARDIAN ERIC DIXON,

              Plaintiff,

   - against -

THE CITY OF NEW YORK, P.O. RICHARD HASTE
(NYPD)SHIELD #20875, SERGEANT SCOTT MORRIS
(NYPD)SHIELD #953, AND NYPD OFFICERS JOHN DOE
#1-10
            Defendants.
--------------------------------------------------------------------------x

Index No. 21249/13E
Law Dep't No. 2012-017988

**AFFIDAVIT OF
RICHARD HASTE**

  **Richard Haste**, being duly sworn, deposes and says:

  1.  I am employed by the New York City Police Department ("NYPD") as a Police Officer, and my NYPD shield number is 20875.

  2.  I hereby consent to the removal of this case from the Supreme Court of New York, Bronx County, to the United States District Court, Southern District of New York.

  3.  I understand that my consent to this removal has no bearing whatsoever upon the New York City Law Department's ultimate decision regarding my request for legal representation in this matter.

  4.  By consenting to this Notice of Removal, I do not waive any defense which may be available to me, specifically including, but not limited to, my right to contest in personam jurisdiction, improper service of process, and the absence of venue in this Court or the Court from which this action has been removed.

Dated:   April 30, 2013

                 _____
                 Richard Haste

Sworn to before me this
_30_ day of April, 2013.

_____
Notary Public

ERIC H WEST
Notary Public, State of New York
No. 02WE6059420
Qualified in New York County
Commission Expires Jan. 30, 2016



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------x
PAULET MINZIE, ERIC DIXON, and JYEVION DIXON, AN
INFANT BY PARENT AND GUARDIAN ERIC DIXON,

                                    Plaintiff,

       - against -

THE CITY OF NEW YORK, P.O. RICHARD HASTE
(NYPD)SHIELD #20875, SERGEANT SCOTT MORRIS
(NYPD)SHIELD #953, AND NYPD OFFICERS JOHN DOE
#1-10

                                 Defendants.
--------------------------------------------------------------------------x

Index No. 21249/13E
Law Dep't No. 2012-017988

**AFFIDAVIT OF
SCOTT MORRIS**

       **Scott Morris**, being duly sworn, deposes and says:

       1.    I am employed by the New York City Police Department ("NYPD") as a

Police Officer, and my NYPD shield number is 953.

       2.    I hereby consent to the removal of this case from the Supreme Court of

New York, Bronx County, to the United States District Court, Southern District of New York.

       3.    I understand that my consent to this removal has no bearing whatsoever

upon the New York City Law Department's ultimate decision regarding my request for legal

representation in this matter.

       4.    By consenting to this Notice of Removal, I do not waive any defense

which may be available to me, specifically including, but not limited to, my right to contest in

personam jurisdiction, improper service of process, and the absence of venue in this Court or the

Court from which this action has been removed.

Dated:       April 30, 2013

                                                            Scott Morris

Sworn to before me this
30 day of April, 2013.

_____
Notary Public

ERIC H WEST
Notary Public, State of New York
No. 02WE6059420
Qualified in New York County
Commission Expires Jan. 30, 2016