UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PAULET MINZIE, ERIC DIXON and JYEVION DIXON,
AN INFANT BY HIS NATURAL PARENT AND
GUARDIAN ERIC DIXON,

                                 Plaintiffs,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
RICHARD HASTE (NYPD) SHIELD 20875, SERGEANT
SCOTT MORRIS (NYPD) SHIELD #953, AND NYPD
POLICE OFFICERS JOHN DOE #1-10 (THE NAME JOHN
DOE BEING FICTITIOUS, AS THE TRUE NAME(S) IS/
ARE PRESENTLY UNKNOWN),

                              Defendants.
-----------------------------------------------------------------------X

**ANSWER TO THE
COMPLAINT WITH
CROSS-CLAIMS**

13-CV-3031 (PKC)

Jury Trial
Demanded

       Defendant, NEW YORK CITY POLICE OFFICER RICHARD HASTE, by his

attorneys Worth, Longworth, & London, LLP, respectfully answers plaintiffs' complaint

as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.     Deny knowledge and information sufficient to form a belief as to the allegations

     contained in paragraph 1 of plaintiffs' complaint.

2.     Deny knowledge and information sufficient to form a belief as to the allegations

     contained in paragraph 2 of plaintiffs' complaint.

3.     Deny knowledge and information sufficient to form a belief as to the allegations

     contained in paragraph 3 of plaintiffs' complaint and refer all questions of law to the

     Court.

4.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4 of plaintiffs' complaint and refer all questions of law to the Court.

5.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5 of plaintiffs' complaint except admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

6.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of plaintiffs' complaint.

7.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7 of plaintiffs' complaint and refer all questions of law to the Court.

8.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 of plaintiffs' complaint and refer all questions of law to the Court.

9.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of plaintiffs' complaint and refer all questions of law to the Court.

10.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10 of plaintiffs' complaint and refer all questions of law to the Court.

## STATEMENT OF FACTS

11.     Deny the allegations contained in paragraph 11 of plaintiffs' complaint.

12.     Deny the allegations contained in paragraph 12 of plaintiffs' complaint.

13.     Deny the allegations contained in paragraph 13 of plaintiffs' complaint.

14.     Deny the allegations contained in paragraph 14 of plaintiffs' complaint.

15.     Deny the allegations contained in paragraph 15 of plaintiffs' complaint.

16.     Deny the allegations contained in paragraph 16 of plaintiffs' complaint.

17.     Deny the allegations contained in paragraph 17 of plaintiffs' complaint.

18.     Deny the allegations contained in paragraph 18 of plaintiffs' complaint.

19.     Deny the allegations contained in paragraph 19 of plaintiffs' complaint.

20.     Deny the allegations contained in paragraph 20 of plaintiffs' complaint.

21.     Deny the allegations contained in paragraph 21 of plaintiffs' complaint.

22.     Deny the allegations contained in paragraph 22 of plaintiffs' complaint.

23.     Deny the allegations contained in paragraph 23 of plaintiffs' complaint.

24.     Deny the allegations contained in paragraph 24 of plaintiffs' complaint.

25.     Deny the allegations contained in paragraph 25 of plaintiffs' complaint.

26.     Deny the allegations contained in paragraph 26 of plaintiffs' complaint.

27.     Deny the allegations contained in paragraph 27 of plaintiffs' complaint.

28.     Deny the allegations contained in paragraph 28 of plaintiffs' complaint.

29.     Deny the allegations contained in paragraph 29 of plaintiffs' complaint.

30.     Deny the allegations contained in paragraph 30 of plaintiffs' complaint.

31.     Deny the allegations contained in paragraph 31 of plaintiffs' complaint.

32.     Deny the allegations contained in paragraph 32 of plaintiffs' complaint.

33.    Deny the allegations contained in paragraph 33 of plaintiffs' complaint.

34.    Deny the allegations contained in paragraph 34 of plaintiffs' complaint.

35.    Deny the allegations contained in paragraph 35 of plaintiffs' complaint.

36.    Deny the allegations contained in paragraph 36 of plaintiffs' complaint.

37.    Deny the allegations contained in paragraph 37 of plaintiffs' complaint.

38.    Deny the allegations contained in paragraph 38 of plaintiffs' complaint.

39.    Deny the allegations contained in paragraph 39 of plaintiffs' complaint.

40.    Deny the allegations contained in paragraph 40 of plaintiffs' complaint.

## **STATE CLAIMS**

41.    Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 41 of plaintiffs' complaint and refer all questions of law to the
Court.

42.    Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 42 of plaintiffs' complaint and refer all questions of law to the
Court.

43.    Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 43 of plaintiffs' complaint and refer all questions of law to the
Court.

44.    Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 44 of plaintiffs' complaint and refer all questions of law to the
Court.

## AS FOR AN ANSWER TO PLAINTIFFS' FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of Constitutional Rights Under Color of State Law
### -Warrantless Entry and Search of Home-

45.     In response to paragraph 45 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 44 as if the same were fully set forth at length herein.

46.     Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 46 of plaintiffs' complaint and refer all questions of law to the

Court.

47.     Deny the allegations contained in paragraph 47 of plaintiffs' complaint.

48.     Deny the allegations contained in paragraph 48 of plaintiffs' complaint.

49.     Deny the allegations contained in paragraph 49 of plaintiffs' complaint.

50.     Deny the allegations contained in paragraph 50 of plaintiffs' complaint.

## AS FOR AN ANSWER TO PLAINTIFFS' SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### -Trespass-

51.     In response to paragraph 51 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 50 as if the same were fully set forth at length herein.

52.     Deny the allegations contained in paragraph 52 of plaintiffs' complaint.

53.     Deny the allegations contained in paragraph 53 of plaintiffs' complaint.

54.     Deny the allegations contained in paragraph 54 of plaintiffs' complaint.

55.     Deny the allegations contained in paragraph 55 of plaintiffs' complaint.

**AS FOR AN ANSWER TO PLAINTIFFS' THIRD CAUSE OF
ACTION AGAINST ALL DEFENDANTS**
**Violation of Constitutional Rights Under Color of State Law**
**-Conspiracy to Violate Plaintiffs' Civil Rights-**

56.　　In response to paragraph 56 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 55 as if the same were fully set forth at length herein.

57.　　Deny the allegations contained in paragraph 57 of plaintiffs' complaint.

58.　　Deny the allegations contained in paragraph 58 of plaintiffs' complaint.

59.　　Deny the allegations contained in paragraph 59 of plaintiffs' complaint.

60.　　Deny the allegations contained in paragraph 60 of plaintiffs' complaint.

**AS FOR AN ANSWER TO PLAINTIFFS' FOURTH CAUSE OF
ACTION AGAINST ALL DEFENDANTS**
**Violation of Constitutional Rights Under Color of State Law**
**-Failure to Intercede-**

61.　　In response to paragraph 61 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 60 as if the same were fully set forth at length herein.

62.　　Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 62 of plaintiffs' complaint and refer all questions of law to the

Court.

63.　　Deny the allegations contained in paragraph 63 of plaintiffs' complaint.

64.　　Deny the allegations contained in paragraph 64 of plaintiffs' complaint.

65.　　Deny the allegations contained in paragraph 65 of plaintiffs' complaint.

66.　　Deny the allegations contained in paragraph 66 of plaintiffs' complaint.

### AS FOR AN ANSWER TO PLAINTIFFS' FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### -Assault-

67.     In response to paragraph 67 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 66 as if the same were fully set forth at length herein.

68.     Deny the allegations contained in paragraph 68 of plaintiffs' complaint.

69.     Deny the allegations contained in paragraph 69 of plaintiffs' complaint.

70.     Deny the allegations contained in paragraph 70 of plaintiffs' complaint.

71.     Deny the allegations contained in paragraph 71 of plaintiffs' complaint.

### AS FOR AN ANSWER TO PLAINTIFFS' SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### -Intentional Infliction of Emotional Distress-

72.     In response to paragraph 72 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 71 as if the same were fully set forth at length herein.

73.     Deny the allegations contained in paragraph 73 of plaintiffs' complaint.

74.     Deny the allegations contained in paragraph 74 of plaintiffs' complaint.

75.     Deny the allegations contained in paragraph 75 of plaintiffs' complaint.

### AS FOR AN ANSWER TO PLAINTIFFS' SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### -Negligent Infliction of Emotional Distress-

76.     In response to paragraph 76 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 75 as if the same were fully set forth at length herein.

77.     Deny the allegations contained in paragraph 77 of plaintiffs' complaint.

78.     Deny the allegations contained in paragraph 78 of plaintiffs' complaint.

**AS FOR AN ANSWER TO PLAINTIFFS' EIGHTH CAUSE OF
ACTION AGAINST DEFENDANT CITY OF NEW YORK
-Negligent Hiring, Retention, and Supervision-**

79.     In response to paragraph 79 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 78 as if the same were fully set forth at length herein.

80.     Deny knowledge and information sufficient to form a belief as to the allegations

in paragraph 80 of plaintiffs' complaint.

81.     Deny knowledge and information sufficient to form a belief as to the allegations

in paragraph 81 of plaintiffs' complaint.

82.     Deny knowledge and information sufficient to form a belief as to the allegations

in paragraph 82 of plaintiffs' complaint.

83.     Deny knowledge and information sufficient to form a belief as to the allegations

in paragraph 83 of plaintiffs' complaint.

**AS FOR AN ANSWER TO PLAINTIFFS' NINTH CAUSE OF
ACTION AGAINST DEFENDANT CITY OF NEW YORK
-Implementation of Municipal Policies, Practices, and Customs that Directly Violate
Constitutional Rights, Failure to Implement Municipal Policies to Avoid
Constitutional Deprivations and Failure to Train and Supervise Employees Under
Color of State Law-**

84.     In response to paragraph 84 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 83 as if the same were fully set forth at length herein.

85.     Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 85 of plaintiffs' complaint.

86.     Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 86 of plaintiffs' complaint.

87.     Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 87 of plaintiffs' complaint.

88.     Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 88 of plaintiffs' complaint.

89.     Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 89 of plaintiffs' complaint.

<u>**DEMAND FOR A TRIAL BY JURY**</u>

90.     Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 90 of plaintiffs' complaint and refer all questions of law to the court.

<u>**AS FOR A FIRST AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE**</u>

91.     Plaintiffs' complaint fails to state a claim upon which relief can be granted against POLICE OFFICER RICHARD HASTE.

<u>**AS FOR A SECOND AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE**</u>

92.     That the alleged incident and damages, if any, alleged to have been sustained by the plaintiffs on the occasion mentioned in the complaint were wholly or in part caused by the culpable conduct of the plaintiffs.

## AS FOR A THIRD AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

93.     If it is determined that POLICE OFFICER RICHARD HASTE was acting under the color of law, then the actions of POLICE OFFICER RICHARD HASTE, as a sworn police officer of the defendant, CITY OF NEW YORK, were justified and were done in good faith, in that defendant POLICE OFFICER RICHARD HASTE reasonably believed that he was exercising and acting within his statutory and constitutional powers.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

94.     Plaintiffs' complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

95.     If it is determined that POLICE OFFICER RICHARD HASTE was acting under the color of law, then POLICE OFFICER RICHARD HASTE acted reasonably and in good faith in discharging his official duties and responsibilities, and as such defendant POLICE OFFICER RICHARD HASTE is entitled to qualified immunity.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

96.     Causes of action alleged in plaintiffs' complaint are barred by the applicable statute of limitations.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

97.     Any sums or consideration paid or promised to plaintiffs, by any person or corporations claimed to be liable for injuries or damages alleged in the complaint, shall reduce any judgment rendered in favor of plaintiffs as against defendant POLICE OFFICER RICHARD HASTE to the extent of the greater of either the sums or consideration paid or promised to plaintiffs or the amount of the released tortfeasor's(s) equitable share(s) of the damages in accordance with General Obligations Law § 15-108, et. seq.

## AS FOR A EIGHTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

98.     Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by plaintiffs shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

## AS FOR A NINTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

99.     Upon information and belief, the injuries or damages alleged in the complaint were or may have been caused in whole or in part by parties now or hereafter to be named as co-defendants or third-party defendants and accordingly the liability of the answering defendant POLICE OFFICER RICHARD HASTE, is, or may be limited by the provisions of Article 16 of the CPLR.

11

**AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT
CITY OF NEW YORK**

100.    If the plaintiffs were caused damages as alleged in plaintiffs' complaint, due to

any culpable conduct other than plaintiffs' own culpable conduct, then such damages

were subsequently due to the culpable conduct, negligent acts of omission or

commission of defendant, CITY OF NEW YORK.

**AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT
CITY OF NEW YORK**

101.    If it is determined that POLICE OFFICER RICHARD HASTE was acting under

the color of law, then all of the acts of POLICE OFFICER RICHARD HASTE were

performed within the scope of his duties and within the scope of his employment as a

New York City Police Officer, and any liability to plaintiffs must be assumed by his

employer, the defendant, CITY OF NEW YORK, pursuant to the principle of

*Respondeat Superior*.

**AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT
CITY OF NEW YORK**

102.    Pursuant to this principle of law, if plaintiffs recover any judgment against

defendant POLICE OFFICER RICHARD HASTE, then said defendant is entitled to

recover the amount of such judgment from defendant, CITY OF NEW YORK.

**AS FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT
CITY OF NEW YORK**

103.    If it is determined that defendant POLICE OFFICER RICHARD HASTE was

acting under the color of law, then all of the actions of defendant POLICE OFFICER

RICHARD HASTE were performed within the performance of his duties and within the scope of his employment as a New York City Police Officer, and any liability to plaintiffs must be assumed by defendant, CITY OF NEW YORK, pursuant to NYS General Municipal Law Section 50-k.

104.    Any damages sustained by plaintiffs at the time or place mentioned in plaintiffs' complaint are embraced within the provisions of NYS General Municipal Law Section 50-k.

105.    Pursuant to this provision of NYS General Municipal Law Section 50-k, if plaintiffs recover any judgment against defendant POLICE OFFICER RICHARD HASTE then the answering defendant is entitled to recover the amount of such judgment from the defendant, CITY OF NEW YORK.

**WHEREFORE**, defendant POLICE OFFICER RICHARD HASTE respectfully demands judgment against plaintiffs as follows:

(a)    Dismissing plaintiffs' complaint in its entirety;

(b)    Over and against defendant, CITY OF NEW YORK for the amount of any judgment obtained against defendant POLICE OFFICER RICHARD HASTE;

(c)    Granting defendant POLICE OFFICER RICHARD HASTE costs, disbursements, and expenses of the action, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        December 12, 2013

                            Yours, etc.,

                            _____/s/_____
                            By: John W. Burns (JB 1072)
                            WORTH, LONGWORTH & LONDON LLP

*Attorneys for Defendant P.O. Richard Haste*
111 John Street - Suite 640
New York, New York   10038
(212) 964-8038


TO:   **<u>VIA ECF</u>**

Andrew L. Hoffman
The Law Offices of Andrew L. Hoffman, PLLC
261 Madison Avenue, 12th Fl
New York, NY 10016

Jeffrey Chabrowe
Law Offices of Jeffrey Chabrowe
261 Madison Avenue
12th, Floor
New York, NY 10016

Qiana Charmaine Smith & Eric Howard West
NYC Law Department, Office of the Corporation Counsel (NYC)
100 Church Street
New York, NY 10007